UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
GABOR STEIN,                        :
                                    :
            Plaintiff,              :
                                    :
        -against-                   :   07 Civ. 2684 (LMM)
                                    :   MEMORANDUM AND
                                    :   ORDER
UNITED STATES OF AMERICA,           :
                                    :
            Defendant.              :
                                    :
-----------------------------------X

McKENNA, D.J.

        Plaintiff brought this action to recover a tax penalty

assessed by the Internal Revenue Service ("IRS" or

"Defendant") in the amount of $52,369.  Defendant moves for

summary judgment.  For the reasons set forth below,

Defendant's motion is GRANTED.


I.   Background

A. Procedural History

   Plaintiff Gabor Stein ("Plaintiff") filed <u>pro</u> <u>se</u> a

Complaint in this court on April 2, 2007.  In the

Complaint, Plaintiff claims that he is entitled to a refund

of $19,116 levied by the IRS and to prevent further

collection of the remaining penalty amount on the basis

that the IRS' assessment of the penalty was untimely.  On

November 9, 2007, Defendant filed its Answer, denying
certain allegations and asserting various affirmative
defenses.  On October 15, 2008, Defendant filed the instant
motion for summary judgment pursuant to Rule 56 of the
Federal Rules of Civil Procedure.


B. Factual Background

   The following recitation reflects an undisputed or
otherwise uncontested version of the facts and draws all
attendant inferences in Plaintiff's favor.  At the time of
the events giving rise to this controversy, Plaintiff was a
50% shareholder in C&H Knitwear, Inc. ("C&H").  (Complaint
¶ 1.)  For the quarters ending September 30, 1995, December
31, 1995, and December 31, 1996, C&H failed to remit
employee federal tax withholdings in the amounts of
$29,701, $19,116, and $3,552, respectively.  (Complaint ¶
3; Defendant's Statement Pursuant to Local Rule 56.1
("Def.'s 56.1 Stmt.") ¶ 1.)  Plaintiff, as co-owner of C&H
at the time the tax liability accrued, is responsible for
payment of the Trust Fund Recovery Penalty ("TFRP"), which
the IRS may assess in the amount of the unremitted employee
withholding taxes.  (Deposition of Gabor Stein ("Stein

Dep.") 28:19—30:10; Declaration of Francine Kaufman ("Kaufman Decl.") ¶ 4.)

The statute of limitations for assessing the TFRP for at least two quarters for which C&H had failed to remit taxes was to expire on April 15, 1999.  (Kaufman Decl. ¶ 5.) Therefore, Revenue Officer Francine Kaufman ("Kaufman" or "Revenue Officer Kaufman"), who was assigned to manage the collection of C&H's taxes, was required either to assess the TFRP before April 15, 1999 or to secure a waiver of the statute of limitations, also known as a Form 2750 waiver, which would extend the statute of limitations for assessment of the TFRP to a date specified in the form. (Id.)

At the same time, Plaintiff, through his power of attorney and accountant, Bernard Katz ("Katz") was working with Kaufman on an installment agreement whereby Stein, Horbst Clobes ("Clobes"), co-owner of C&H, and C&H would pay the delinquent employee withholding taxes.  (Id. at ¶ 6.)  Accordingly, in lieu of asserting the TFRP immediately, Kaufman sought to secure Form 2750 waivers from Plaintiff and Clobes, which would extend the limitations period for all C&H's unremitted taxes to December 31, 2002 and allow the TFRP to be assessed at a later date, should C&H, Stein, and Clobes fail to pay

according to the terms of the installment agreement.  (Id.
at ¶¶ 5,6.)  When they failed to pay the delinquent taxes
according to the agreement, (Kaufman Decl. ¶ 13,) the IRS
assessed the TFRP against Plaintiff on June 14, 2002 in the
amount of $52,369.   (Affirmation of Gabor Stein in
Opposition to Defendant's Motion for Summary Judgment
("Stein Aff.") ¶¶ 1, 5;  Def.'s 56.1 Stmt. ¶ 1.)  The IRS
then levied $19,116 of Plaintiff's assets, (Complaint p. 1;
Ex. 1, Declaration of John Clopper ("Clopper Decl.")) and
seeks further collection of the remaining TFRP from
Plaintiff.  (Complaint p. 1.)


II.  Discussion

A. Summary Judgment Standard

     Federal Rule of Civil Procedure 56(c) provides that
summary judgment should be granted "if the pleadings,
depositions, answers to interrogatories, and admissions on
file, together with the affidavits, if any, show that there
is no genuine issue as to any material fact and that the
moving party is entitled to a judgment as a matter of law."
Fed. R. Civ. P. 56(c).  "A dispute is not 'genuine' unless
'the evidence is such that a reasonable jury could return a
verdict for the nonmoving party.'"  Nabisco, Inc. v.
Warner-Lambert Co., 220 F.3d 43, 45 (2d Cir. 2000) (quoting

4

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).
"A fact is 'material' for these purposes if it 'might
affect the outcome of the suit under the governing law.'"
Overton v. N.Y. State Div. of Military & Naval Affairs, 373
F.3d 83, 89 (2d Cir. 2004) (quoting Anderson, 477 U.S. at
248).

      In weighing a motion for summary judgment, ambiguities
or inferences to be drawn from the facts must be viewed in
the light most favorable to the party opposing the summary
judgment motion.  See Thompson v. Gjivoje, 896 F.2d 716,
720 (2d Cir. 1990).  "Moreover, we read the pleadings of a
pro se plaintiff liberally and interpret them to raise the
strongest arguments that they suggest."  McPherson v.
Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citations and
quotations omitted).  However, "the non-moving party must
come forward with specific facts showing that there is a
genuine issue for trial."  Matsushita Elec. Indus. Co.,
Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)
(citing Fed. R. Civ. P. 56) (emphasis omitted).
"[C]onclusory statements, conjecture or speculation by the
party resisting the motion will not defeat summary
judgment."  Kulak v. City of New York, 88 F.3d 63, 71 (2d
Cir. 1996) (citations omitted).

B. Analysis

   The parties to this controversy agree on most critical
aspects of the case.  They agree that C&H failed to remit
employee federal tax withholdings for three quarters in
1995 and 1996 in the total amount of $52,369.  (Def.'s 56.1
Stmt. ¶ 1; Stein Aff. ¶ 1.)  They agree that Plaintiff is
responsible for C&H's delinquent tax liability or the TFRP.
(Stein Dep. 28:19—30:10; Kaufman Decl. ¶ 4.)  They also
agree that the IRS asserted the TFRP against Plaintiff on
June 14, 2002.  (Def.'s 56.1 Stmt. ¶ 5; Stein Aff. ¶ 5.)
The sole issue is whether the IRS assessed the TFRP against
Plaintiff within the limitations period.  This, in turn,
depends on whether the IRS secured an executed Form 2750
waiver from Plaintiff extending the limitations period for
assessing the TFRP until December 31, 2002.  Defendant must
prevail in this action because there is no factual issue as
to whether the IRS secured a Form 2750 waiver executed by
Plaintiff extending the TFRP limitations period to December
31, 2002.

   It bears reiterating the non-moving party's burden in
defeating a summary judgment motion.

                    In order to defeat a summary judgment
               motion that is properly supported by
               affidavits, depositions, and documents
               as envisioned by Fed. R. Civ. P. 56(e),
               the opposing party is required to come

                              6

> forward with materials envisioned by
> the Rule, setting forth specific facts
> showing that there is a genuine issue
> of material fact to be tried. He cannot
> defeat the motion by relying on the
> allegations in his pleading, or on
> conclusory statements, or on mere
> assertions that affidavits supporting
> the motion are not credible. The motion
> will not be defeated merely . . . on
> the basis of conjecture or surmise.

Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) (citations and quotations omitted).  In this case, Plaintiff fails because Defendant submitted credible evidence that the IRS secured a Form 2750 waiver extending the statute of limitations, such that its assertion of the TFRP was timely.  In response to this evidence, Plaintiff offers only conjecture, speculation and failures to recall whether he executed the Form 2750 waiver, none of which is sufficient to meet his burden in defending against summary judgment.  See id.

Defendant has submitted credible evidence that the IRS received a Form 2750 waiver executed by Plaintiff.  Though the IRS admits to having lost Plaintiff's Form 2750 waiver, (Kaufman Decl. ¶ 12), the evidence Defendant produced, including the IRS' records of receipt of the form in its Integrated Collection System's Archive Transcript History Report ("ICS transcript") and the personal recollections of

Revenue Officer Kaufman and her Group Manager Evaristo Urbaez ("Urbaez") are sufficient to establish the receipt of Plaintiff's signed waiver.  See Malkin v. United States, 243 F.3d 120 (2d Cir. 2001)(allowing consideration of IRS transcripts to establish taxpayer's execution of a form when the IRS either lost or destroyed the form).

Revenue Officer Kaufman testified about how she secured Plaintiff's Form 2750 waiver:

> At that point I was able to get Mr. Clobes' waiver.  However, I was told you were out of the country but you had access to a fax machine . . . . But at that point the fax machine was becoming the new item and we were debating whether or not a fax signature would be valid.  And it was found that in normal business practices that since a fax signature was a valid signature and I was in touch with your personal accountant who was representing you, that he would fax – I faxed it to him, he told me he faxed it to you and he faxed it back to me.  And when I got it, I had my manager verify that it was received and that we had, indeed, protected the statute on both you and Mr. Clobes.

(Deposition of Francine Kaufman ("Kaufman Dep.") 9:16—10:10.)  Revenue Officer Kaufman's testimony is that she personally recalls conversations with Plaintiff and Katz about Plaintiff signing the Form 2750 waiver, that she

recalls receiving the executed Form 2750 by fax from Katz, and that she recalls having her group manager verify that the form was received.  (See id.)

The IRS system entries made contemporaneously with these events are consistent with Kaufman's recollection. The Integrated Collection System's ("ICS") transcript is a "chronological list of entries made by the relevant Revenue Officer . . . .  Whenever an entry is made on ICS, a data file is made recording the typed text, the date of the entry and the ICS assignment number of the individual making the entry.  Neither the entry date nor the ICS assignment number can ever be deleted, changed or altered. The typed text can only be deleted, changed or altered on the day the entry was made on ICS."  (Declaration of Evaristo Urbaez ("Urbaez Decl.") ¶ 6.)  An entry dated April 9, 1999, with an IRS employee identification number that corresponds to that of Kaufman, (Kaufman Decl. ¶ 9,) reads "TP faxed copy of signed 2750 waiver to secure statute."  (Ex. 2, Clopper Decl.)  Kaufman testified that "TP" is an abbreviation for taxpayer or the person responsible for the TFRP.  (Kaufman Decl. ¶ 10.)  She also testified that in this entry "TP" referred to Plaintiff, and not to his partner Clobes, because only Plaintiff

needed to fax his form, as he was out of the country. (Id.)

The next ICS transcript entry reads "GM viewed 2750 waivers received from Horst Clobes and Gabor Stein. TFRP was extended until 12/31/2002 based on the fact that the installment agreement will most likely take that period of time to complete and both Mr. Clobes and Mr. Stein are not currently in a position to pay TFRP." (Ex. 2, Clopper Decl.) Kaufman testified that the term "GM" is an abbreviation for "Group Manager" and that the entry means that she physically showed the Form 2750 waiver to Evaristo Urbaez, her group manager at the time. (Kaufman Decl. ¶ 11.) She further testified that Urbaez confirmed the waiver's validity and gave Kaufman permission to extend the TFRP assessment date until December 31, 2002. (Id.)

Group Manager Urbaez's testimony is consistent with the IRS' records and with Kaufman's recollection of events. Urbaez recalls authorizing receipt of a faxed Form 2750 waiver from one of C&H's responsible persons. (Urbaez Decl. ¶ 5.) He further testified that the April 14, 1999 ICS transcript entry, which indicates that he verified receipt of Plaintiff's executed form and approved the extension is consistent with IRS policy. (Id. at ¶ 8.) "[W]henever a Form 2750 waiver was received, the assigned

Revenue Officer would bring the Form 2750 to me and I would visibly inspect it.  The Revenue Officer would then note in the transcript that I had viewed the Form 2750."  (Id.)

From Defendant's evidence, a reasonable jury could find that the IRS did indeed secure a Form 2750 waiver signed by Plaintiff that extended the statute of limitations on asserting the TFRP until December 31, 2002. "Once the moving party has met its burden, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial.  A dispute regarding a material fact is genuine if a reasonable jury could return a verdict for the non-moving party . . . .  When reasonable minds, however, could not differ as to the import of the evidence, then summary judgment is proper." Hellstrom v. VA, 46 Fed. Appx. 651, 654 (2d Cir. 2002) (citations omitted).  Here, Plaintiff fails to provide evidence from which a reasonable jury could find that he did not sign the Form 2750 waiver extending the TFRP assessment period to December 31, 2002.

Instead, Plaintiff's opposition consists primarily of an attempt to discount Revenue Officer Kaufman's testimony that she recalls arranging to have Plaintiff's signed Form 2750 faxed to her and that she did indeed receive the signed form by arguing that her account of the events is

11

"not credible" and "illogical."  (Statement of Additional
Material Facts Supporting Plaintiff's Opposition to
Defendant's Motion for Summary Judgment ("Pl.'s 56.1 Stmt")
¶ 7.)  Plaintiff questions why the form would be faxed to
Katz, then to Plaintiff, then back to Katz, and finally to
the IRS.  (Id.)  He questions why his accountant does not
have a copy of the waiver in the files.  (Id.)  He
questions why Kaufman did not request that the original
form be mailed after the faxed copy.  (Id.)  But, merely
posing these questions is an insufficient means of
defending against summary judgment.  "As the Supreme Court
emphasized in Anderson v. Liberty Lobby, Inc., discredited
testimony is not [normally] considered a sufficient basis
for drawing a contrary conclusion. Instead, the plaintiff
must present affirmative evidence in order to defeat a
properly supported motion for summary judgment." Woodman
v. WWOR-TV, Inc., 411 F.3d 69, 86 (2d Cir. 2005) (citations
and quotations omitted).

    Plaintiff also argues that if he did sign the Form
2750 waiver, it only extended the date to December 31,
2000, not to December 31, 2002, and therefore the IRS'
assessment of the TFRP was still untimely.  (Stein Aff. ¶
4.)  In support, Plaintiff provides evidence of an ICS
entry that reads "Ased date will be changed upon receipt of

valid waivers.  <u>Proposed</u> dated [sic] is 12/31/2000 for the
following periods . . . . Prepared and faxed this date."
(Pl.'s Ex. 1.) (emphasis added).  But this fails to support
Plaintiff's claim that the waiver he signed was dated
December 31, 2000 considering the same entry indicates
Kaufman's "plan" was to "[d]etermine time needed to pay off
at 3500.00 per month," and an entry dated April 14, 1999
recording receipt of the executed waiver reads "TFRP was
extended until 12/31/2002 based on the fact that the
installment agreement will most likely take that period of
time to complete . . . ."  (Ex. 2, Clopper Decl.)
Plaintiff also attempts to create a factual issue as to the
date to which the period was extended by averring  that
"[i]n the days of thermal fax paper it is very likely that
a form faxed FOUR times 2000 would be misread as 2002."
(Stein Aff. ¶ 4.)  Again, mere speculation is insufficient
to defeat a summary judgment motion.  <u>Kulak</u>, 88 F.3d at 71.
Plaintiff's other arguments suffer from the same
evidentiary defects and because they are not relevant to
the central issue of this case – whether or not Plaintiff
waived the statute of limitations by signing the Form 2750
waiver – they will not be addressed.

   Plaintiff's  burden  at  this  stage  is  to  provide
affirmative  evidence  from  which  a  reasonable  jury  could

find in his favor, <u>Hellstrom</u>, 46 Fed. Appx. At 654, but
Plaintiff's affirmative evidence is nonexistent.   In his
deposition, when asked whether he signed a waiver, he
testified "I didn't receive it, I couldn't sign."   (Stein
Dep. 33:9—13.)   When asked to clarify whether his testimony
was that he did not sign the waiver, Stein says "[t]hat is
a no, no recollection."   (<u>Id.</u> at 33:14—15.)   When asked
whether he directed anyone to sign a waiver on his behalf,
Plaintiff testifies "[n]o, because I never really got it.
If I would have got it, I would have sent it to my
accountant, like I send all those papers – I practically
don't even look at them – and he would say what to do.   So
I really don't recall getting one, signing one; and, if it
is, there would be record of it."   (<u>Id.</u> at 33:16—34:2.)
When asked whether he ever faxed a waiver to the IRS,
Plaintiff answered "I don't recall it."   (<u>Id.</u> at 34:3—6.)
Finally, when asked "do you remember whether or not you
filed a waiver of the statute of limitations of the
responsible person penalty for the taxes owed by C&H
Knitwear?" Plaintiff answered "I don't recall it."   (<u>Id.</u> at
59:22—60:3.)   When asked "[s]o, it's possible you did file
a waiver but you don't recall it?" Plaintiff answered "I
don't recall it.   Everything is possible because I don't
recall it.   I don't know."   (<u>Id.</u> at 60:4—8.)

The only reasonable characterization of Plaintiff's deposition testimony is that he does not recall whether he signed the waiver, whether he filed the waiver, or whether he had someone file it on his behalf. And "failure to recall . . . [is] not, without more . . . sufficient to survive summary judgment once discovery is complete." G-I Holdings, Inc. v. Baron & Budd, 218 F.R.D. 409, 414 (S.D.N.Y. 2003).

Plaintiff's testimony in his Affirmation opposing summary judgment also fails to create a factual issue. Plaintiff testified that he "did not fax the form 2750 waiver to Revenue Officer Francine Kaufman." (Stein Aff. ¶ 2.) But the issue is not whether Plaintiff personally faxed the form to Kaufman, but whether he signed it and caused it to be faxed to the IRS. In fact, Defendant does not even allege that Plaintiff faxed the form to Kaufman. Instead, Defendant contends, and has provided uncontroverted evidence in the form of Kaufman's testimony, that Plaintiff faxed the executed Form 2750 waiver to Katz, who in turn faxed it to Kaufman. (Kaufman Dep. 9:16—10:10.) Therefore, this evidence too fails to create a genuine issue of material fact.

III.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

The Clerk is directed to enter judgment in favor of Defendant, dismissing the Complaint.

SO ORDERED.

Dated: January 28, 2009

Lawrence M. McKenna
U.S.D.J.